# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-869V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
DIANE SOLAK,                           *
                                       *       Special Master Corcoran
                Petitioner,            *
                                       *       Dated: July 17, 2015
        v.                             *
                                       *
                                       *       Attorney's Fees and Costs;
                                       *       Reasonable Basis; Interim Fees
SECRETARY OF HEALTH AND                *
HUMAN SERVICES,                        *
                                       *
                Respondent.            *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Jeffrey S. Pop*, Jeffrey S. Pop and Associates, Beverly Hills, CA, for Petitioner.

*Heather L. Pearlman*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S INTERIM FEES AND COSTS DECISION[1]

On September 18, 2014, Diane Solak filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Approximately six months later, Petitioner's counsel, Jeffrey Pop, esq., moved to withdraw from representation of Petitioner in this case. Unopposed Motion to Withdraw as Attorney, filed Mar. 10, 2015 (ECF No. 11). Petitioner subsequently filed a Motion for Interim Attorney's Fees and Costs on March 26, 2015, requesting a fees award in the amount of $5,187.06. While Respondent does not object to the requested sum, Respondent challenges the appropriateness of granting an interim fees award

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

at this stage of the matter, asserting that reasonable basis cannot yet be sufficiently determined given the nature of Petitioner's claim. As discussed below, I hereby grant the entirety of the requested interim fees award.

## Factual History

Ms. Solak received an influenza ("flu") vaccination on September 30, 2011, at Crittenton Hospital in Rochester, Michigan. Pet. at 1. Prior to vaccination, Petitioner had noted allergies to codeine and penicillin, but no food allergies. *Id*. at 2. Several days later on October 4, 2011, Petitioner was diagnosed with the flu and admitted to the Urgent Care Clinic in St. John Harrison Township, Michigan. Pet'r's Ex. 2 at 1-3. Within a week, she developed a dry cough with wheezing and a rash on her abdomen, arm, and back. *Id*.; Pet'r's Ex. 3 at 5; Pet'r's Ex. 4 at 160-62. Nearly a month later, on November 10, 2011, Ms. Solak was seen for allergy testing at the Michigan Asthma and Allergy Center PC. Pet'r's Ex. 4 at 132-33. Upon presentation, Petitioner reported that she had hives and a severe reaction following receipt of the flu shot on September 30, 2011. Pet'r's Ex. 7 at 56. Over the next four weeks, she had repeated visits to physicians after having experienced a variety of allergic reactions, one of which developed after eating oatmeal. *Id*. at 54-91,114-159; Pet. at 2.

Given that Ms. Solak received the flu vaccine in question on September 30, 2011, and claims to have experienced onset on October 4, 2011 (Pet. at 2), the petition itself (filed on September 18, 2014) was filed less than three weeks before expiration of the three-year limitations period for filing Vaccine Program claims. Section 16(a)(2).[3] In it, Petitioner alleges that she developed several severe food allergies as a result of the administration of the flu vaccine. Pet. at 2. She has had multiple allergic reactions which required hospital visits and use of an epinephrine autoinjector, and alleges that her allergies continue to this day. *Id*. at 2-3.

## Billing/Record Evidence and Procedural History

The present interim fees petition puts into contention whether Petitioner had reasonable basis in filing this claim – and whether that can be determined at this stage of the matter. Petitioner has submitted copies of her counsel's billing records in support of this petition, permitting me to gain additional insight into counsel's actions even before the petition's filing.

Petitioner first contacted Mr. Pop about the possibility of his representation in her Vaccine Program claim on July 7, 2014 – over two months before the matter was filed. Pet. at 1. In the

---

[3] In the Petition, Ms. Solak mistakes the three-year statute of limitations as being calculated from the date of vaccination, as opposed to the date of onset. Pet. at 2. In the Vaccine Program, the statute of limitations "requires a petition for compensation to be filed within 36 months after the date of occurrence of the first symptom or manifestation of onset of vaccine-related injury." *Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1334 (Fed. Cir. 2011). However, given that the gap between vaccination and onset was only a few days, and because the action was filed prior to the three-year anniversary of the date of vaccination, the issue is not dispositive in this case.

ensuing time period, Mr. Pop and his firm spent 9.6 hours working on Ms. Solak's case, however. Mot. for Interim Fees, Ex. 1, filed Mar. 26, 2015, at 2 (ECF No. 12-2) [hereinafter "Mot."]. As the submitted billing records reveal, this work included reviewing and requesting medical records, obtaining information from Petitioner, and drafting the Petition. *Id*.

At the time of the Petition's filing on September 18, 2014, Mr. Pop's investigation into the matter was incomplete – as the Petition specifically acknowledges. Pet. at 1. The Petition also notes that "given the short time frame between Petitioner's initial contact with Petitioner's counsel, and the rapidly approaching statute of limitations of September 30, 2014, Petitioner respectfully requests the Court to allow Petitioner 120 days from the filing of this Petition to obtain all pertinent medical records including proof of vaccination." *Id*. Petitioner's counsel thus made it clear at the outset that he was acting expediently in light of the looming limitations cut-off, but that he understood that the factual grounds for Ms. Solak's claim would require additional investigation.

Following the filing of the Petition, counsel requested additional medical records and spent time reviewing these records and filing them with the Court. Mot. at 2. On December 18, 2014, Petitioner requested an extension of time to file her statement of completion, as she was still in the process of obtaining complete medical records. Status Report at 1 (ECF No. 8). I granted her request, extending the deadline to January 30, 2015. On December 22, 2014, the Clerk's office received a compact disc with medical records, including the vaccination record plus medical records from a variety of treating institutions and hospitals.

Petitioner apparently spoke with counsel throughout this period regarding medical records and her allergies. Mot. at 2. Petitioner's counsel appears to have begun questioning whether he should continue representation as early as January 28, 2015. *Id*. On January 30, 2015, Petitioner again requested an additional period of time to file the necessary records. Status Report at 1 (ECF No. 10). I granted this request, extending the deadline to February 27, 2015, but Petitioner was able to file those records by February 9, 2015.

Approximately one month later on March 10, 2015, Petitioner's counsel filed an Unopposed Motion to Withdraw as Attorney. ECF No. 11. Petitioner then filed the present Motion for Interim Attorney's Fees and Costs on March 26, 2015, requesting an award of $5,187.06. Respondent filed a Response to Petitioner's Motion on April 3, 2015. ECF No. 13 [hereinafter, "Resp."]. In it, she stated that although she did not object to the overall amount requested, because reasonable basis could not be determined at this juncture, determination of the propriety of the fees request should be deferred to a later time. Resp. at 8. Respondent asserted in particular that Petitioner's claim was primarily based on the temporal relationship between Ms. Solak's receipt of the flu vaccine and subsequent development of food allergies, and therefore could not be shown at present to have a reasonable basis, given that no expert report or other medical or scientific evidence supporting the claim has been offered. *Id*. at 7-8.

Petitioner replied in further support of her fees request on April 13, 2015. ECF No. 14

3

[hereinafter, "Reply"]. She primarily argues in it that public policy concerns support an interim award. *Id*. at 2. Granting interim fees would both assist Petitioner in her search for a new attorney and encourage counsel to continue representing petitioners in the Vaccine Program. *Id*.

Ms. Solak's application for interim attorney's fees and costs is now ready for adjudication.

**ANALYSIS**

I. <u>**Legal Standards Governing Interim Awards of Attorneys' Fees**</u>

Controlling decisions of the Federal Circuit[4] permit the recovery of interim fees and costs in Vaccine Program cases. *Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Indeed, as noted in *McKellar v. Sec'y of Health and Human Servs.*, "interim fees are permitted even before an entitlement decision is made." 101 Fed. Cl. 297, 302 (2011).

In determining that interim fees awards are appropriate in Vaccine Program cases, the *Avera* court followed the Supreme Court's construction of other fee-shifting statutes. *Avera*, 515 F.3d at 1351-52. The *Avera* court ultimately determined that the justification for an award of interim fees is *greater* in Vaccine Program cases, because the Vaccine Act does not have a "prevailing party" requirement (and thus petitioners may request, and obtain, fees awards even where they are unsuccessful in establishing entitlement to a damages award), and because the underlying remedial purposes of the Act are better served if petitioners have access to competent legal representation – a goal that is aided if attorneys appearing for Vaccine Program petitioners have assurances that their fees will be satisfied. *Id*. at 1352; *see also* H.R. Rep. No. 99-908 at 22 (1986).

*Avera*, however, did not define precisely the circumstances in which an interim award might appropriately be issued – leading other special masters to observe that the standards for granting an interim fees award "remain somewhat muddled." *Small v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2014 WL 308297, at *1 (Fed. Cl. Spec. Mstr. Jan. 7, 2014), (citing *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010)). Thus, although the *Avera* court identified certain conditions under which an interim fees award may be appropriate, such as "where proceedings are protracted and costly experts must be retained," (*id*. at 1352), *Avera* has been interpreted as allowing special masters broad discretion in determining whether to award interim fees. *See, e.g.*, *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *1 (Fed. Cl. Spec. Mstr. Mar. 13, 2009) (reading *Avera* to set a "broad, discretionary vehicle for

---

[4] In this decision, I reference or rely upon both the decisions of special masters as well as the judges of the Court of Federal Claims, all of which constitute persuasive, but not binding authority. *Hanlon v. Sec'y of Health & Human Servs.*, 40 Fed. Cl. 625, 630 (1998). Federal Circuit decisions, however, are binding on special masters. *Guillory v. Sec'y of Health & Human Servs.*, 59 Fed. Cl. 121, 124 (2003), *aff'd*, 104 Fed. App'x 712 (Fed. Cir. 2004).

ensuring that petitioners are not punished financially while pursuing their vaccine claim"); *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (*Avera* provides only "**examples** and **general guidance** concerning when interim fees and costs might be awarded, leaving the special masters broad **discretion** to consider many factors in considering whether an interim award is appropriate in a particular case").

Since *Avera*, there has been a considerable amount of case law discussing when interim fees awards are appropriate. In some instances, interim awards have been granted in light of the amount of time that has passed in the case, as well as the amount of work performed. *See, e.g.*, *Franklin v. Sec'y of Health & Human Servs.*, No. 99-0855V, 2009 WL 2524492, at *4 (Fed. Cl. Spec. Mstr. July 28, 2009) (awarding interim fees where the petition had been pending for years, petitioner's counsel had paid significant amounts to experts, and the final resolution of the case was likely to take some time); *MacNeir v. Sec'y of Health & Human Servs.*, No. 03-1914V, 2010 WL 891145, at *1-4 (Fed. Cl. Spec. Mstr. Feb. 12, 2010) (granting an interim award of fees and costs of $12,062 primarily arising from counsel's efforts at obtaining and filing medical records). But there is no defined period of time that must have passed from the date of a petition's filing to justify an interim fees award. *See, e.g.*, *Bear*, 2013 WL 691963, at *4-5 (interim fees award allowed when petition had been pending for only nineteen months); *Broekelschen v. Sec'y of Health & Human Servs.*, No. 07-137V, 2008 WL 5456319, at *2-3 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (interim fees award granted with respect to case pending for less than one year).

The awarding of interim fees must also be based on the more general factors that special masters consider, in their discretion to award reasonable fees and costs to unsuccessful petitioners. Thus, a special master asked to make an interim award should consider if (a) the petition was brought in good faith; and (b) there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1); *Silva v. Sec'y of Health & Human Servs.*, 108 Fed. Cl. 401, 405 (2012).

Determining whether a petition was filed in good faith is a subjective inquiry. Good faith can be established as long as the petitioner demonstrates an honest belief that she suffered a compensable vaccine injury. *See Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). This element is therefore the more easily established of the two. *Austin v. Sec'y of Health & Human Servs.*, No. 10-362V, 2013 WL 659574, at *7 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("[d]ue to its subjective nature, the standard for good faith is very low"). Indeed, some cases stand for the proposition that absent an affirmative showing that a petitioner acted in bad faith, a petitioner is entitled to a presumption of good faith. *See, e.g.*, *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996). Here, Respondent does not question Petitioner's good faith. *See* Resp. at 7.

The reasonable basis requirement, by contrast, involves an objective inquiry with no such favorable presumption. *See McKellar*, 101 Fed. Cl. at 303-34 (citing *Perreira v. Sec'y of Health & Human Servs.*, 33 F.3d 1375 (Fed. Cir. 1994)) ("[t]he petitioner must affirmatively establish a

5

reasonable basis to recover attorneys' fees and costs"). An assessment of reasonable basis "look[s] not at the likelihood of success but more to the feasibility of the claim." *Di Roma*, 1993 WL 496981, at *1.

There is no explicit instruction from the Federal Circuit as to the precise nature of the evidentiary burden imposed on a petitioner attempting to establish reasonable basis. Rather, the analysis to be employed has been characterized as a "totality of the circumstances" test that will vary depending upon the circumstances. *Chuisano v. United States*, 116 Fed. Cl. 276, 288 (2014). If nothing else, an unsuccessful petitioner has *some* burden of showing that the case was reasonably pursued. *McKellar*, 101 Fed. Cl. at 304; *Chuisano*, 116 Fed. Cl. at 286.

In determining reasonable basis, other special masters have considered whether a claim has support in the contemporaneous medical records and/or a medical opinion, or if the petitioner can demonstrate at least that "fundamental inquiries" were made to locate evidentiary support for the claim. *Melbourne v. Sec'y of Health & Human Servs.*, No. 99-694V, 2007 WL 2020084, at *6 (Fed. Cl. Spec. Mstr. June 25, 2007); *Di Roma*, 1993 WL 496981, at *2. Thus, the scope and sufficiency of an attorney's investigation into a petitioner's claim bears on the reasonable basis for filing the claim. *See Di Roma*, 1993 WL 496981, at *2 (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258-59 (1991)). Vaccine Program attorneys are expected to conduct a reasonable pre-filing investigation. *See Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *7 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In determining the adequacy of the pre-filing inquiry, special masters have considered the circumstances under which the petition was filed, including whether petitioner filed with the assistance of counsel, and if so, how much time before the filing deadline petitioner provided counsel for pre-filing investigation. *Id*. at *6.[5]

Overall, special masters have tended to be lenient in finding a reasonable basis for petitioners. This is particularly true when a petition is filed near the expiration of the three-year statute of limitations. Section 16(a)(2); *Austin v. Sec'y of Health & Human Servs.*, No. 10-362V, 2012 WL 592891, at *9 (Fed. Cl. Spec. Mstr. Jan. 24, 2012). Special masters have found that when pressed with the statute of limitations, an attorney's ability to adequately investigate a petitioner's claim is constrained. *Austin*, 2012 WL 592891, at *9. To encourage counsel to take such cases, and thereby preserve a petitioner's claim without unnecessarily expending court resources, the fact that a particular claim is filed close to the end of the running of the limitations period for the claim weighs in favor of allowing fees. *Id*.

---

[5] This flows naturally from the fact that (even if this requirement is not always expressly followed in practice) Section 11(c)(1)(A) of the Act contemplates that petitioners will include with their petition an affidavit and documentation that the injured party received a vaccine set forth in the Vaccine Injury Table, and that such vaccine caused the alleged injury.

## II.   Reasonable Basis in Petitioner's Case

In opposing Petitioner's interim fees request, Respondent argues that (1) interim fees and costs are not warranted at this early juncture in the case; and (2) Petitioner has not yet demonstrated that her Petition is supported by reasonable basis. Resp. at 4, 6. I will address each of these arguments separately.

Regarding the objection to an interim fees award generally, it is well-established (as discussed above) that a decision on entitlement is not required before interim fees or costs may be awarded, "provided that good faith and a reasonable basis for the claim are demonstrated on the record and adequate justification for making an interim award exists." *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). While there is no presumption of entitlement to interim fees (Resp. at 5 (citing *McKellar*, 101 Fed. Cl. at 300)), special masters may in their discretion make interim fees awards – as Respondent concedes. *Id.* at 5. I have in fact previously awarded interim fees to counsel withdrawing from a case, well before an entitlement decision has been made. *See, e.g.*, *Iannotti v. Sec'y of Health & Human Servs.*, No. 12-782V, 2014 WL 3726614, at *3 (Fed. Cl. Spec. Mstr. July 7, 2014) ("[a]lthough Respondent takes pains to reiterate her objection to the awarding of interim fees, controlling decisions of the Federal Circuit clearly permit the recovery of interim fees and costs in Vaccine Act cases").

I therefore do not put much stock in Respondent's objection that an interim fees award should be denied primarily due to the fact that it is "interim," and/or that the case is not unusually protracted or old. Given the policy concerns of encouraging counsel to take Vaccine Program cases, it is appropriate to allow interim fees despite an attorney's withdrawal – assuming the other factors favoring an interim award are present.[6]

Respondent's other objection, by contrast, warrants greater consideration. Respondent asserts that the current record (which contains treatment history evidence, but not an expert report) only establishes that Petitioner "began complaining of food allergies after she received her September 29, 2011 flu vaccine." Resp. at 7. Respondent thus urges me not to make a reasonable basis finding until more evidence is adduced suggesting that Ms. Solak's claim has some validity. *Id.*

---

[6] Respondent is correct that I could, in my discretion, defer ruling on the interim fees application until entitlement is decided, at which time it would be clearer whether reasonable basis exists for the claim to have been brought. Resp. at 8. Other special masters have taken this approach. *See generally Austin*, 2012 WL 592891. However, in such cases, there were typically concerns regarding whether the factual record aligned with the theory asserted, based on previously-litigated cases employing the same theory. *Id.* at *6 (stating petitioners' theory that MMR caused febrile seizure within a given time frame was clearly inconsistent with MMR's "long 'track record' in the Program" of 22 years, and prior decisions "reflect a considerable body of medical and scientific evidence concerning the MMR vaccine and the conditions it may cause or aggravate, and the circumstances under which it may do so"). These circumstances are not comparable to the situation in this case.

This argument is deficient in two respects. First, the fact that a petitioner has not yet filed an expert report especially in a fairly young case such as the one here is not by itself grounds for finding that the claim lacks reasonable basis. Respondent has made a similar argument in other cases in which a special master nevertheless opted to award interim fees despite no expert report having been filed as of the time of the interim fees request. *Fester*, 2013 WL 5367670, at *9 and *13. Given that in the majority of Vaccine Program cases "it takes months for petitioners to produce sufficient medical records to allow respondent and the special master to assess whether the claim is colorable," it is not reasonable to deny fees requested far earlier in a matter (and where, as a result, they are more modest in magnitude) simply because of the timing of the request. *Id.* Indeed, the promptness of this interim fees request (made within six months of the case's filing) is a point in its favor.

Second, the timing of this Petition's filing, so close to the expiration of the Vaccine Act's limitations period, also weighs in favor of finding that reasonable basis existed for the claim sufficient to support an interim fees award. As noted above, other special masters have held that a looming statute of limitations date is a good reason for counsel to act by filing a petition even if the investigation of the claim is ongoing. *Austin*, 2012 WL 592891, at *4. More recently, in *Becker v. Sec'y of Health & Human Servs.*, a special master found sufficient reasonable basis for an interim fees award where counsel had moved to withdraw five months into an action that had been filed only days prior to the expiration of the statute of limitations. No. 13-687V, 2014 WL 4923160, at *4 (Fed. Cl. Spec. Mstr. Sept. 11, 2014).

Here, although Mr. Pop first became aware of the case about ten weeks prior to its filing,[7] there was nevertheless some time pressure to act in the face of the pending expiration of the statute of limitations period. He also appears to have had difficulty in obtaining the records necessary for his investigation, and made that clear in the petition. Thus, it was reasonable for Petitioner's counsel to file the claim on September 18, 2014 (two weeks before the expiration of the statute of limitations), even though its factual grounds had not yet been fully investigated.

A final relevant consideration is the nature of Ms. Solak's claim. The Vaccine Program aims to encourage counsel to take cases that are unique and present complex issues of science and

---

[7] Arguably, counsel might have better used these pre-filing weeks to conduct a more exhaustive investigation into the grounds for Ms. Solak's claim. However, given that Vaccine Program claims routinely devote more than a year to obtaining all relevant medical records, and even more time to locate and retain causation experts, two months is not a long enough time period to investigate a claim that is not otherwise facially non-viable. *Cf. Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *4 (Fed. Cl. Spec. Mstr. Mar. 26, 2014) (finding insufficient reasonable basis for an award of fees in an unsuccessful case, where Petitioner's counsel had the claim for two years prior to the filing date, incurring $15,000.00 in fees before filing, yet never obtained evidence of proof of vaccination, a threshold issue in the Vaccine Program). The filed billing records do not suggest that this case was overworked before it was filed, or that attorney time was wasted.

fact. *See, e.g.*, *Goodridge v. Sec'y of Health & Human Servs.*, No. 02-320V, 2014 WL 3973905, at *6 (Fed. Cl. Spec. Mstr. May 20, 2014). Petitioner alleges a somewhat novel injury (food allergies resulting from vaccination) that does not appear to have been previously fully litigated in the Vaccine Program.[8] Had it been obvious from some basic legal research that Ms. Solak's claim was deficient (for example, due to the existence of unfavorable case law), it would be easier to conclude that a careful practitioner would not have filed the matter before a more meticulous review of the facts. But this matter is different – and indeed, the record shows that Petitioner's counsel did attempt to investigate the claim before filing and to bulwark the claim before making the determination to withdraw. The unique nature of this claim therefore also counsels in favor of a reasonable basis determination for the Petitioner.

Given the aforementioned, it is appropriate to award a reasonable amount in interim fees to Mr. Pop. Respondent concedes the reasonableness of the requested sum of $5,187.06. Response at 8. And I do not find, in the exercise of my discretion, that the sum is excessive or inappropriate for a case in which counsel's appearance was limited to less than a year, and where counsel assisted a petitioner in obtaining and filing medical records that will assist her in prosecuting the claim in the future.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Interim Attorney's Fees in its entirety, awarding **$5,187.06**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[9]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[8] There appear to be only two Vaccine Program cases concerning food allergies. One was dismissed due to expiration of the statute of limitations. *Torok v. Sec'y of Health & Human Servs.*, No. 04-1220V, 2005 WL 6117669 (Fed. Cl. Spec. Mstr. May 24, 2005). In the other, the allergy the petitioner alleged to have developed post-vaccination was a tangential symptom to the underlying encephalopathy claim. *Epstein v. Sec'y of Health & Human Servs.*, No. 90-516V, 1991 WL 86406 (Fed. Cl. Spec. Mstr. May 8, 1991). While the special master ultimately found that the food allergies were not a sequelae of the DPT injury, their etiology was not the case's primary focus, and therefore the possibility that a food allergy could be caused by vaccination was not litigated to an extent that might put a future petitioner on notice of such a claim's viability. *Id.*

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.